**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHANIQUE GOULD, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION NO.: |
| | : |
| BANKERS LIFE & CASUALTY | : **Electronically filed** |
| COMPANY; and JOHN DOES 1-5 and 6- | : |
| 10, | : **COMPLAINT AND JURY DEMAND** |
| | : |
| Defendants. | : |

Plaintiff, Shanique Gould ("Plaintiff"), residing in Upper Darby, Pennsylvania, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), and in the alterative under the Pennsylvania Human Relations Act ("PHRA"), alleging sexual harassment.

### Jurisdiction and Venue

1.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331.

2.     Venue is proper within this District pursuant to 28 U.S.C. § 1391, because all of the events described below took place within the District.

### Identification of Parties

3.     Plaintiff Shanique Gould resides in Upper Darby, Pennsylvania, and, at all relevant times herein, was an employee of the Defendants.

4.      Defendant Bankers Life & Casualty Company ("Bankers Life") is corporation employing more than 15 employees doing business at 1150 First Avenue, Suite 1020, King Of Prussia, Pennsylvania 19406 and, at all relevant times herein, was the employer of Plaintiff.

5.      Defendant Bankers Life further has a headquarters at 303 East Wacker Drive Suite 500, Chicago, Illinois, 60601.

6.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

## Exhaustion of Administrative Remedies

7.      Plaintiff exhausted her administrative remedies by filing Complaints encompassing all claims herein under Title VII and the PHRA concurrently with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and for which Complaint EEOC issued a "Right to Sue" Notice closing its investigation on or about April 8, 2026, less than 90 days prior to the filing of this Complaint. A true and correct copy of the EEOC Notice of Right to Sue is attached hereto as Exhibit A.

## General Allegations

8.      Plaintiff belongs to a protected class in that she is female.

9.      Plaintiff was hired by Defendants on or about January 6, 2023 and remains employed.

10.      Throughout her employment Plaintiff performed up to and/or beyond the reasonable expectations of her employer.

11.      Plaintiff was employed as an insurance agent in the King Of Prussia office of Defendants.

2

12.     From the beginning of her employment, Plaintiff was assigned to work under Mary Anderson ("MK").

13.     Plaintiff's supervisor, MK began harassing and targeting Plaintiff based on her sex, creating a hostile working environment.

14.     Beginning on February 15, 2023, and continuing through the present that Plaintiff was subjected to the sexual harassment by MK, including but not limited to, the following:

   a. MK would discuss her sex life with Plaintiff;

   b. MK would bump the Plaintiff with her butt when she walked by her;

   c. MK would tell Plaintiff that she loved her pants that they looked good on her; and

   d. MK would slap and cup Plaintiff's butt.

15.     Plaintiff would tell MK not to touch her.

16.     MK responded by asking "What are you going to do, tell on me?"

17.     On June 26, 2023, Plaintiff reported the ongoing harassment to Steve Laverdiere, the hiring manager.

18.     Mr. Laverdiere set up a meeting with Neal Quimby, regional director.

19.     Plaintiff further reported the ongoing harassment to Mr. Quimby.

20.     Mr. Quimby stated that he would speak with MK.

21.     Nothing changed in MK's behavior and it continued.

22.     For example, in addition to the above-referenced continuing harassment, the following occurred after Plaintiff's report:

   a. On June 5, 2024, at a company outing, MK came up to Plaintiff and said "Oh hey, you look beautiful, you're glowing, I think I am flirting with you."

b.  At a company potluck in the office, MK came up behind the Plaintiff and told her she had something on her pants and began rubbing Plaintiff's butt and down her leg.

c.  On another occasion, MK reached over to Plaintiff's pants and said there was something on her pants and began plucking imaginary things off her pants and brushing down her thigh.

d.  In February 2025, MK walked into the kitchen at work and told the Plaintiff to "look at this" and pulled up her shirt and flashed a cheetah print bra.

23.  On February 13, 2025, Plaintiff, once again, reported the ongoing harassment to Mr. Laverdiere.

24.  Plaintiff also reported the harassment to Morgan Kendall in HR.

25.  Despite the additional reports, nothing changed in MK's behavior.

26.  In September 2025, MK told Plaintiff about her sexual encounter over the weekend with a man in a casino who had "rocked her world."

27.  Plaintiff asserts that MK's conduct was unwelcomed.

28.  Plaintiff asserts that MK's conduct was because of sex.

29.  The aforementioned harassing conduct was:

a.  Severe or pervasive;

b.  Motivated by Plaintiff's sex;

c.  Engaged in and/or condoned by supervisory and/or managerial employees of Defendants;

d. Offensive and abusive, such that a reasonable person in Plaintiff's position would have found the terms and conditions of their employment altered such that they were forced to work in a hostile work environment; and

e. Offensive and abusive to Plaintiff, specifically who found the terms and conditions of her employment altered such that she was forced to work in a hostile work environment.

30. Defendant failed to effectively implement a reasonable policy aimed at preventing unlawful harassment from occurring and/or reoccurring, including their failure to effectively implement a policy whereby complaints of such harassment will be promptly investigated, addressed, and remediated.

31. As a result of Defendants' actions and/or omissions described above, Plaintiff been forced to suffer economic and non-economic harm, including pain and suffering and emotional distress.

32. Because Defendants' actions and/or omissions described above were undertaken by members of upper management and/or members of upper management were willfully indifferent to the same, and because such actions were especially egregious, punitive damages are warranted.

**COUNT I**

**<u>Title VII – Sexual Harassment</u>**

33. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

34. For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful harassment in creating and maintaining a hostile work environment based on Plaintiff's sex.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### PHRA – Sexual Harassment (Alleged in the Alternative to Count I)

35.    Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

36.    For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful harassment in creating and maintaining a hostile work environment based on Plaintiff's sex.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

37.    Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

38.    In addition to the judgment of relief requested above, Plaintiff request the following declaratory and equitable remedies and relief in this matter:

a.    Plaintiff requests a declaration by this Court that the practices contested herein violate federal law and Pennsylvania law as set forth herein;

b.  Plaintiff requests that this Court order the Defendants to cease and desist engaging in unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

c.  Plaintiff requests equitable reinstatement to her positon or to a positon of at least equivalent status and terms of employment including compensation, together with equitable back pay and equitable front pay;

d.  Plaintiff requests that any order for equitable reinstatement, equitable back pay and/or equitable front pay include the full value of all lost wages, benefits, fringe benefits, other remuneration of which Plaintiff was deprived due to Defendants' unlawful acts such that the equitable remedies order make Plaintiff whole;

e.  Plaintiff requests the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or her attorneys' fees in connection with this litigation and all Plaintiff's reasonable attorneys' fees along with statutory required enhancements to said attorneys' fees;

f.  Plaintiff requests that the Court order the Defendants to have all personnel undergo and complete an initial training within 90 days of any equitable order, and thereafter annual training, on the prevention of employment practices prohibited by Title VII and the PHRA and to require that such training be conducted by an independent consultation with specific expertise in such training and prevention and who is not otherwise employed by or in a contractual relationship with the Defendants;

g.   Plaintiff requests the Court order the Defendants to have all supervisory and human resource personnel undergo a complete initial training within 90 days of

such equitable order, and thereafter annual training on the employer's obligations to investigate and address complaints to unlawful harassment prohibited by Title VII and the PHRA and to require that such training be conducted by an independent consultant with such specific expertise in such training and prevention who is not otherwise employed by or in any way in a contractual relationship with the Defendants;

h. Plaintiff requests the Court order the Defendants to furnish proof of completion of the initial training described herein to Plaintiff to 180 days of entry of any such equitable order;

i. Plaintiff requests the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, declaratory relief and equitable relief to include equitable reinstatement, equitable back pay, equitable front pay, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**COSTELLO & SILVERMAN, LLC**

By:    */s/ Mark D. Laderman*
         **Mark D. Laderman**
         PA ID No.  201153
         18000 Horizon Way, Suite 800
         Mt. Laurel, New Jersey 08054
         856-727-9700
         mladerman@costellosilverman.com
         Attorney for Plaintiff

Dated: May 27, 2026

8

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her below-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned matter.

**COSTELLO & SILVERMAN, LLC**

By: */s/ Mark D. Laderman*
**Mark D. Laderman**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/08/2026

**To:** Ms. Shanique Gould
534 Hampden Road
Upper Darby, PA 19082
Charge No: 530-2026-01124

EEOC Representative and phone:

267-589-9707
Legal Unit Representative

### NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-01124.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
04/08/2026

Karen McDonough
Deputy Director

**Cc:**
Tora Watkins
Bankers Life & Casualty Company
1150 First Ave., Suite 1020
King Of Prussia, PA 19406

Incident  Location
Bankers Life & Casualty Company
1150 First Ave., Suite 1020
King Of Prussia, PA 19406

NA NA
1150 First Ave., Suite 1020
King Of Prussia, PA 19406

Brian Mosby
Jackson Lewis P.C.
111 Monument Circle Suite 2600
Indianapolis, IN 46204

Mark D Laderman Esq.
Costello & Silverman
18000 Horizon Way Suite 800
Mount Laurel, NJ 08054


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2026-01124 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2026-01124 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.